```
                IN THE UNITED STATES DISTRICT COURT
              FOR THE EASTERN DISTRICT OF PENNSYLVANIA
_____
                            :
CHRIS BROKENBOUGH,          :    CIVIL ACTION
                            :
          Petitioner,       :
                            :
     v.                     :    NO. 02-3838
                            :
DONALD T. VAUGHN, et al.,   :
                            :
          Respondents.      :
_____:
```

ARNOLD C. RAPOPORT
UNITED STATES MAGISTRATE JUDGE

### REPORT AND RECOMMENDATION

Presently before the Court is a pro se Petition for Writ of Habeas Corpus filed by the Petitioner, Chris Brokenbough ("Petitioner"), pursuant to 28 U.S.C. section 2254. The Petitioner is currently incarcerated in the State Correctional Institution, Frackville. For the reasons that follow, it is recommended that the Petition be denied and dismissed without an evidentiary hearing.

**I.   PROCEDURAL HISTORY.**[1]

On September 18, 1990, following a bench trial before the Honorable Michael R. Stiles in the Court of Common Pleas of Philadelphia County, Pennsylvania, the Petitioner was convicted of second degree murder, robbery, burglary, criminal conspiracy, and possessing an instrument of crime ("PIC"). Judge Stile

---

[1] This information is taken from the Petition for Writ of Habeas Corpus and the Response thereto.

sentenced Petitioner on February 25, 1992 to life imprisonment for the murder conviction, and sentenced him to concurrent prison terms of ten to twenty years for the robbery conviction, five to ten years for the criminal conspiracy conviction, and two and one-half to five years for the PIC conviction.  Petitioner did not file a direct appeal from these convictions.

On June 27, 1995, Petitioner filed a pro se petition pursuant to the Pennsylvania Post-Conviction Relief Act ("PCRA").  See 42 Pa. C.S.A. § 9541.  Appointed counsel filed an amended petition on his behalf, and on March 20, 1997, petitioner was granted the right to a direct appeal nunc pro tunc.  Petitioner's only claim on nunc pro tunc direct appeal to the Superior Court of Pennsylvania was that the evidence presented at trial was insufficient to sustain his conviction of second degree murder.  On April 15, 1998, in an unpublished opinion, the Superior Court affirmed the judgments of sentence.  Resp., Ex. A; Commonwealth v. Brokenbough, 718 A.2d 338 (Pa. Super. 1998)(Table).  The Pennsylvania Supreme Court denied allowance of appeal on September 10, 1998.  Commonwealth v. Brokenbough, 727 A.2d 1116 (Pa. 1998)(Table).

Petitioner filed a second PCRA petition on December 2, 1998.  Counsel was appointed to represent him, and upon review of the record, counsel filed a no-merit letter with the court and provided a copy to petitioner pursuant to Commonwealth v. Finley, 550 A.2d 213 (Pa. Super. 1988); 481 U.S. 551 (1987).  After

independently reviewing the record, the Honorable Benjamin Lerner dismissed the petition and permitted counsel to withdraw on April 26, 2000. Resp., Exs. B, C. Petitioner's appeal to the Pennsylvania Superior Court was dismissed on January 14, 2002 for failure to file a brief. Commonwealth v. Brokenbough, No. 1582, EDA 2000. On May 10, 2002, petitioner filed an application for leave to file appellant's brief nunc pro tunc, which the Pennsylvania Superior Court denied on June 10, 2002. Commonwealth v. Brokenbough, 46 EDM 2002.

On June 18, 2002, Petitioner filed the instant pro se Petition for Writ of Habeas Corpus, claiming that: (1) trial counsel was ineffective for inducing petitioner to waive his right to a jury trial and appellate counsel was ineffective for failing to raise this claim on appeal; (2) trial counsel was ineffective for failing to seek suppression of petitioner's custodial statement and appellate counsel was ineffective for failing to raise this claim on appeal; (3) trial counsel was ineffective for causing petitioner to forego his right to testify at trial and at a suppression hearing and appellate counsel was ineffective for failing to raise trial counsel's ineffectiveness in this regard; and (4) trial counsel was ineffective for failing to object to or challenge the testimony of a prosecution witness, Dr. Hellman, who testified that he performed an autopsy on the victim when the record allegedly showed otherwise, and appellate counsel was ineffective for failure to raise this on appeal.

(Pet. at 9-10, 14-14A.)  Respondents contend that each of these claims is procedurally barred, and because they would be out of time in the state courts, they are procedurally defaulted and unreviewable.

**II.  DISCUSSION.**

Petitioner's claims are procedurally defaulted because they were not presented to the state appellate courts since his appeal from the denial of his PCRA petition was dismissed for failure to file a brief.  Further, Petitioner's claims have been procedurally defaulted because he no longer has an available remedy for their consideration in state court.  Respondents note that the amended Pennsylvania Post-Conviction Relief Act ("PCRA") provides that collateral actions must be filed within one year of the date the conviction at issue became final.  See 42 Pa. C.S.A. § 9545(b)(1).  Petitioner's convictions became final on December 9, 1998, when the time for seeking certiorari from the denial of relief on nunc pro tunc direct appeal expired.  Thus, the Pennsylvania Supreme Court would not rule on the merits of the claims for procedural reasons.  This claim is unexhausted because it was not raised before any state court, and this claim is also procedurally defaulted because any further PCRA petition would be time-barred.  Thus, this claim cannot be examined by this Court. See Coleman v. Thompson, 501 U.S. 722, 750 (1991)(if highest state court has not ruled on the merits of the claims and would

not now do so for procedural reasons, the claims are procedurally defaulted).

This Court may review such claims, notwithstanding procedural default, only where the Petitioner "can first demonstrate either 'cause' and actual 'prejudice' . . . or that he is 'actually innocent.'" Bousley v. U.S., 523 U.S. 614, 622 (1998)(citations omitted); Coleman, 501 U.S. at 750. First, Petitioner does not allege cause and prejudice, therefore the procedural defaults cannot be excused on this basis. Teague v. Lane, 489 U.S. 288, 298 (1989). Secondly, Petitioner has not shown that he is actually innocent, a requirement of the fundamental miscarriage of justice argument from a failure to consider the defaulted claims. Schlup v. Delo, 513 U.S. 298, 327 (1995).

To the extent that Petitioner would allege the ineffective assistance of counsel as "cause" for his default, his allegation fails as a matter of law because his ineffectiveness claims, which were not properly exhausted in the state court system, cannot establish cause to excuse Petitioner's procedural default. Petitioner, in order to show "cause" for a procedural default, must show that an objective factor external to the defense impeded his ability to comply with the pertinent procedural rule. Murray v. Carrier, 477 U.S. 478, 488 (1986); Caswell v. Ryan, 953 F.2d 853, 861-862 (3d Cir.), cert. denied, 504 U.S. 944 (1992)(citations and internal quotations omitted).

Counsel's conduct can be cause for a default only if counsel's omission amounts to an independent constitutional violation. Coleman, 501 U.S. at 755. However, that independent constitutional claim must have been exhausted in the state court system. Edwards v. Carpenter, 529 U.S. 446, 452-454 (2000); Murray, 477 U.S. at 489; Line v. Larkins, 208 F.3d 153, 167 (3d Cir. 2000), cert. denied, 531 U.S. 1082 (2001)(citations omitted). Moreover, since the right to counsel does not extend to collateral proceedings, counsel's conduct in those proceedings cannot amount to cause to excuse a procedural default. Coleman, 501 U.S. at 755-757.

Any attempt by Petitioner to blame his default upon prior counsel cannot establish cause, since he failed to properly present his claims of ineffective assistance of counsel to the state courts. Edwards, 529 U.S. at 452-453 (stating where ineffective assistance of counsel claim asserted as cause for default of another federal claim is itself procedurally defaulted, it cannot serve as cause unless petitioner can satisfy cause and prejudice standard for the procedurally defaulted ineffectiveness claim); Murray, 477 U.S. at 489 (stating a claim of ineffective assistance of counsel must be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default).

Respondents also argue that Petitioner's claims that his pro se status after PCRA counsel was permitted to withdraw

under <u>Finley</u>, and his allegations of illiteracy, a low I.Q., and mental retardation, do not constitute cause to excuse his procedural default. <u>Caswell</u>, 953 F.2d at 862 (pro se status does not constitute an objective factor external to the defense that excuses a procedural default); <u>Hull v. Freeman</u>, 991 F.2d 86, 91 (3d Cir. 1993)(petitioner's illiteracy and mental retardation are not external to his defense and cannot establish cause)(citing <u>Cornman v. Armontrout</u>, 959 F.2d 727, 729 (8th Cir. 1992)(stating pro se status of petitioner possessing below average intelligence with no formal legal training not external to defense) and <u>U.S. v. Flores</u>, 981 F.2d 231, 236 (5th Cir. 1993) (stating defendant's illiteracy, deafness, and lack of legal training not external to defense)); <u>see</u> <u>also</u> <u>Saahir v. Collins</u>, 956 F.2d 115 (5th Cir. 1992)(pro se status is not an objective factor external to the defense).

In addition, Petitioner's allegation that "certain" documents were never furnished to him cannot constitute cause to excuse his procedural default in failing to file a brief. The Pennsylvania Superior Court remanded the record to the PCRA trial court so that petitioner could be provided with trial transcripts and other documents he sought. Petitioner was also granted two extensions of time in which to file his brief. Therefore, Respondents correctly argue that Petitioner's vague allegation that he could not file a brief without "certain" unspecified documents does not amount to cause excusing his procedural

default.

Any cause and prejudice argument also would independently fail because Petitioner cannot demonstrate prejudice. To establish prejudice, he must show "not merely that the errors at . . . trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." Murray, 477 U.S. at 493 (quoting U.S. v. Frady, 456 U.S. 152, 170 (1982)).

Lastly, Petitioner cannot establish a miscarriage of justice excusing his procedural default since the miscarriage of justice exception is available only in extraordinary cases in which the petitioner demonstrates actual innocence of the crime. Schlup v. Delo, 513 U.S. 298, 321 (1995). An actual innocence claim "requires petitioner to support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial." Id. at 324. A petitioner must show that "in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." Id. at 329. Here, Petitioner has not presented any new evidence demonstrating his actual innocence. Therefore, the miscarriage of justice exception to procedural default does not apply. Because the procedural default issue is dispositive of all of Petitioner's

claims, the merits of the defaulted claims will are not examined.

Therefore, I make the following:

### **RECOMMENDATION**

AND NOW, this       day of June, 2003, IT IS RESPECTFULLY RECOMMENDED that the Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. section 2254 be DENIED and DISMISSED.  There is no probable cause to issue a certificate of appealability.

BY THE COURT:

_____
ARNOLD C. RAPOPORT
United States Magistrate Judge